## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **EDWARD GONZALEZ, individually and on behalf of similarly situated individuals** | § § § § | |
| **Plaintiff,** | § § § | |
| **v.** | § § | **CIVIL ACTION NO. 1:22-CV-00686** |
| **HOMEWARD MORTGAGE LLC** | § § § | |
| **Defendant.** | § § | |

### ORIGINAL COMPLAINT

Plaintiff Edward Gonzalez, ("Plaintiff"), individually and on behalf of all others similarly situated as individuals, by their attorneys, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

### SUMMARY

1.      Homeward Mortgage LLC ("Homeward Mortgage") provides home loans to consumers.

2.      Homeward Mortgage employed Loan Advisors to provide the services to customers. Although these Loan Advisors regularly work more than forty hours per workweek, Defendant does not pay them overtime.

3.      Defendant's policy of paying these employees a salary with no overtime pay violates the Fair Labor Standards Act ("FLSA").

4.      This Collective Action seeks to recover the unpaid wages, liquidated damages, and other damages owed to these workers, together with attorneys' fees, interest, and costs of these proceedings.

**JURISDICTION & VENUE**

5.      This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant is a Texas company that conducts substantial business in this District and has a headquarter in this District.

**PARTIES**

7.      Defendant's payroll practice and classification of these workers as overtime-exempt violated the FLSA.

8.      Plaintiff Edward Gonzalez ("Gonzalez" or "Plaintiff") was employed by Homeward Mortgage as a salaried Loan Advisor. Gonzalez is domiciled in Colorado and performed work remotely as a Loan Advisor. Plaintiff Gonzalez's written consent to this action is attached. (Exhibit "A").  At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

9.      Gonzalez brings this action on behalf of himself and all other similarly situated hourly employees under §16(b) of the FLSA 29 U.S.C. §216(b) (the "Loan Officer Collective"). The Loan Officer Collective was subjected to the same FLSA violations as Gonzalez and is properly defined as:

> ALL CURRENT AND FORMER EMPLOYEES OF HOMEWARD MORTGAGE LLC, DURING THE PAST THREE (3) YEARS THAT RECEIVED A SALARY AND NO OVERTIME ("Loan Officer Collective")

10.      Defendant paid each of the Loan Officer Collective a salary, with no overtime premium for hours worked in excess of forty (40) in a workweek.

11.      The members of the Loan Officer Collective are easily ascertainable from Defendant's business records, particularly personnel records.

12.     This lawsuit covers only the individuals employed by Homeward Mortgage as Loan Advisors at this location during the 3-year time period to present.

13.     Defendant Homeward Mortgage LLC is a Texas company with a headquarter located 916 South Capital of Texas Highway Suite 2.200, Austin, TX 78746. It may be served through its registered agent for service of process of Cogency Global Inc., 1601 Elm St., Suite 4360 Dallas, TX 75201.

FACTUAL ALLEGATIONS

14.     Homeward Mortgage LLC is a home mortgage company that "...offer conventional, jumbo, Veterans Affairs (VA) mortgages. We have the ability to do Federal Housing Administration (FHA) loans, but you cannot use them in combination with the Homeward Cash Offer" https://www.homewardmortgage.com/help-center   For purposes of this action, the "relevant time period" is defined as such period commencing on the date that is three-years prior to the filing of this action and continuing thereafter.

15.     During the relevant time period, Homeward Mortgage employed dozens of individuals – including Gonzalez – as Loan Advisor by either remote work, or at their Austin facility, 916 South Capital of Texas Highway Suite 2.200. Austin, TX 78746.

16.     Homeward Mortgage employs Loan Advisors to carry out Homeward Mortgage's mortgage lending functions by helping home buyers apply for mortgages.

17.     Plaintiff and the similarly situated Loan Advisors have the primary duty of sales and sales support, including assisting Defendant's customers with their mortgage applications, advising customers about available loan products, programs, rates, policies, underwriting requirements and  loan procedures, and selling Defendant's various mortgage-related products to Defendant's customers.

18.     Homeward Mortgage paid Gonzalez and Loan Officer Collective on a salary rate basis during the relevant time period.

19.     Plaintiff and the other Loan Officer Collective routinely collected financial records from customers in other states, prepare and send loan application to lenders and underwriters in other states.

20.     In each of the past three (3) years, Defendant's gross revenue has exceeded $500,000.00.

21.     Defendant paid Edward Gonzalez, and all Loan Officer Collective a fixed amount each week.

22.     Defendant routinely scheduled Edward Gonzalez, and the other Loan Officer Collective to work over forty hours a week.

23.     Over the past three (3) years, Defendant employed dozens of individuals – including Edward Gonzalez, – as Loan Advisors.

24.     Defendant paid/pay the Loan Officer Collective a fixed weekly rate without overtime.

25.     While the precise job duties of the Loan Advisors may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of forty (40) in a workweek.

26.     All of Defendant's Loan Advisors perform their jobs following company procedures and training.

27.     All of Defendant's Loan Advisors are entitled to overtime pay.

28.     None of Defendant's Loan Advisors received/receive overtime pay.

29.     Defendant knows their Loan Advisors work more than forty (40) hours in a workweek. Defendant knows their Loan Advisors are not exempt from the overtime provisions of the FLSA.

30.     Nonetheless, Defendant did not (and does not) pay its Loan Advisors overtime for hours worked in excess of forty (40) in a workweek.

31.     The services provided by Plaintiff and "Loan Officer Collective" are an integral part of Homeward Mortgage's business.

32.     Homeward Mortgage has employed Plaintiff and the "Loan Officer Collective" on a long-term basis where they worked for the company for over a year.

33.     Homeward Mortgage investments in facilities and equipment are higher in value than the investment (if any) of Plaintiff and all of their Loan Advisors.

34.     Homeward Mortgage issued work schedules to Plaintiff and the Loan Advisors telling them what days to work and what hours they must report to work.

35.     Homeward Mortgage is a mortgage company that classifies Plaintiff and all of the Loan Advisors as employees.

36.     Homeward Mortgage has issued payroll checks to Plaintiff and all of the Loan Advisors that were subject to payroll tax withholdings and issued W-2 to them.

37.     Homeward Mortgage has filed tax reporting to the IRS and the Texas Workforce Commission that list Plaintiff and all of the Loan Advisors as employees.

38.     Defendant classified Plaintiff and Collective Members as exempted employees and did not pay them overtime.

39.     At all times relevant to this case, Defendant had knowledge of Plaintiff's regular and overtime work.  Defendant approved Plaintiff's work and hours.  Plaintiff's work benefitted Defendant.

40.     Absent a collective action, many members of the Loan Officer Collective will likely not obtain redress of their injuries and Defendant will retain the proceeds of its violations of the FLSA.

41.     Furthermore, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the Loan Officer Collective and provide for judicial consistency.

## COLLECTIVE/CLASS ACTION ALLEGATIONS

42.     Edward Gonzalez, bring this claim under Section 216(b) of the FLSA as a collective action.

43.     The same policy that caused Edward Gonzalez, to be denied their overtime pay caused Defendant's other employees to be denied their overtime pay.

44.     While the precise job duties performed by the Loan Officer Collective might vary somewhat, these differences don't matter for the purposes of determining their entitlement to overtime.

45.     Nor do any differences in job duties matter for determining whether Defendant's policy of not paying overtime is legal.

46.     The members of the Loan Officer Collective are all entitled to overtime for all hours worked over forty (40) in a workweek consistent with the overtime requirements of the FLSA.

47.     Because Defendant uniformly failed to pay overtime to all, Plaintiff and the Loan Officer Collective are similarly situated within the meaning of 29 U.S.C. § 216(b).

48.     Upon information and belief, Defendant employed numerous Loan Advisors like Plaintiff during the past three (3) years.

49.     Nearly all of the questions related to Plaintiffs and the Loan Officer Collective can be answered on a collective basis.

50.     Defendant's practice of refusing to pay overtime is based on established companywide policies.

51.     The most important questions presented in this case can be resolved on a collective-wide basis.

52.     Absent a collective action, many members of the Loan Officer Collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations of the FLSA.

53.     Furthermore, individual litigation would be unduly burdensome to the judicial system.

54.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

### VIOLATION OF THE FLSA

55.     Plaintiff incorporates the proceeding paragraphs by reference.

56.     At all relevant times, Defendant has been engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

54.     Defendant employed Plaintiff and each member of the Loan Officer Collective as employees and not independent contractors.

55.     Defendant's pay policy denied Plaintiff and the Loan Officer Collective overtime compensation as required by the FLSA.

56.     Defendant's failure to pay Plaintiff and the Loan Officer Collective overtime at rates not less than one and one-half times their regular rates violate 29 U.S.C. § 207.

57.     Defendant's conduct, as described herein, was in willful violation of the FLSA.

58.     Due to Defendant's FLSA violations, Plaintiff and the Loan Officer Collective are entitled to recover from Defendant their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

RECORDKEEPING VIOLATION

59.     Plaintiff incorporates the proceeding paragraphs by reference.

60.     Upon information and belief, Defendant did not maintain, for a period of at least two years, timecards detailing the start and stop times of Plaintiff and the Loan Officer Collective as prescribed by 29 C.F.R. § 516.6.

61.     Defendant have therefore violated the recordkeeping requirement of the FLSA. 29 U.S.C. § 211.

PRAYER

**WHEREFORE**, Edward Gonzalez prays for relief as follows:

1.     An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the Loan Officer Collective to permit them to join this action by filing a written notice of consent;

2.     Judgment against Defendant Homeward Mortgage LLC, awarding Plaintiff and the other Loan Officer Collective all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

3.     Pre- and post-judgment interest at the highest rate allowable by law; and

4.      All such other and further relief to which Plaintiff and the other Loan Officer Collective may show themselves to be justly entitled.


Respectfully submitted,

TRAN LAW FIRM

*/s/ Trang Q. Tran*
Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787
2537 S. Gessner Road, Suite 104
Houston, Texas 77063
Phone: (713) 223-8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF, Individually and
On Behalf of All Others Similarly Situated**